# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> STEADFAST INSURANCE COMPANY, *et al.,* <br><br> Defendants. | 2:20-cv-01382-JCM-VCF <br><br> **ORDER** <br><br> JOINT STATUS REPORT REGARDING DISCOVERY DISPUTE [ECF NO. 74] |

I held a hearing on plaintiff's motion to compel and I ordered the parties to meet and confer regarding certain discovery issues. ECF Nos. 58 and 67. The parties filed a joint status report regarding the discovery issues the parties could not resolve on their own. ECF No. 74. I resolve the issues here.

**I.      Background**

This is a breach of contract case: plaintiff Capitol Specialty Insurance brings claims as an alleged assignee related to property damage of three building projects in Reno against multiple other insurance companies. ECF No. 37. The parties state in their status report that the unresolved issues pertain to, "(1) Steadfast's internal documents and communications regarding the Virginia Street Claim, and (2) Steadfast's underwriting file." ECF No. 74 at 4.

1

1    The parties also partly rely on the arguments made in the briefing on the motion to compel. See ECF No. 58. Plaintiff argues in its motion to compel that Steadfast refused to produce documents pertaining to the so-called "Virginia Street" properties. Steadfast argues the documents plaintiff seeks are either irrelevant or protected by privilege. ECF No. 59. Steadfast notes that plaintiff never obtained a waiver from United.[1] *Id.* at 19. Plaintiff argues that the Virginia Street documents are relevant because one of the other properties, the Military Road property, had the same damage caused by the same defective roof design used on the Virginia Street properties. *Id.* at 4.

The parties do not specify which requests for production are still at issue in their joint statement, but instead refer to general topics. I will resolve the issues based on their presentation of the general topics in the joint status report.

**II.    Analysis**

"The Federal Rules of Civil Procedure create a 'broad right of discovery' because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.'" *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993)). The scope of discovery is limited to nonprivileged matter that is relevant to a party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Attorney-client privilege, "normally extends to both the substance of the client's communications as well as the attorney's advice in response thereto," and to "papers prepared by an attorney or at an attorney's request for the purpose of advising a client, provided that the papers are

---

[1] United allegedly assigned its rights to Capital Specialty. Steadfast issued an insurance policy for defense and indemnity to United.

based on and would extend to reveal the client's confidential communications." *In re Fischel,* 557 F.2d 209, 211 (9th Cir. 1977) (internal citations omitted). The party asserting a privilege has the burden of establishing the applicable privilege. *United States v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002).

"Documents are entitled to work product protection where, taking into account the facts surrounding their creation, their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." *United States v. Torf (In re Grand Jury Subpoena),* 357 F.3d 900, 904 (9th Cir. 2003). The work-product doctrine "is an intensely practical one" which protects materials prepared by attorneys and their agents." *United States v. Nobles*, 422 U.S. 225, 236, 95 S. Ct. 2160, 2169 (1975).

### A.   The Virginia Street Settlement Communications (ECF No. 58 at 15)

The parties state that United agreed to sign a privilege waiver related to communications between United and Steadfast related to the Virginia Street settlement communications only. United's counsel will not sign a privilege waiver for all communications with Steadfast that post-date Steadfast's agreement to participate in United's defense of the Virginia Street Claim.

The privilege belongs to United. The fact that Capital did not negotiate the waiver when it negotiated the assignment from United does not release Steadfast's attorneys from their duty to keep these communications protected. Steadfast has met its burden of establishing the applicable privilege. Since United refuses to waive the privilege for all settlement communications with Steadfast that post-date Steadfast's agreement to participate in United's defense of the Virginia Street Claim, I find that Steadfast is not obligated to produce these documents.

### B.   The Virginia Street Claim File (ECF No. 58 at 10)

The parties state that the Virginia Street Claim file consists of several subparts: (a) Steadfast's claim notes related to the Virginia Street Claim file; (b) communications with United regarding the

3

Virginia Street Claim; (c) Steadfast's internal communications and documents regarding the claim; and (d) any other documents in Steadfast's claim file. ECF No. 74 at 2.

In the briefing, Steadfast argued that the information regarding the Virginia Street Claim is irrelevant because this case pertains to the Military Road property, not the Virginia Street properties. Plaintiff asserts that a similar defect is at issue so these documents are probably relevant. Steadfast also argues that many of these documents, include but are not limited to settlement communications, are protected by attorney-client privilege, and the work product doctrine.

The documents are relevant because they pertain to the same defect, so I overrule all Steadfast's relevancy objections. Regarding privilege, and work product, I again find that Steadfast has met its burden. Since the privilege belongs to United, Steadfast is not obligated to produce any documents it asserts is protected by privilege or work product if Capitol cannot obtain a waiver regarding these documents.

According to the stipulation, Steadfast notified CapSpecialty that it would produce its claim notes "subject to appropriate redactions." The parties note that this issue may or may not be resolved pending CapSpecialty's review of the claim notes and Steadfast's privilege log. Steadfast may items protected by the privilege at issue. Regarding the communications between Steadfast and United regarding the Virginia Street Claim, Steadfast's internal communications and documents regarding the claim, and any other documents in Steadfast's claim file, I find that Steadfast must produce the documents that it objected to based on relevancy. It may redact anything it asserts is protected by attorney/client privilege or work product, with a privilege log.

### C. Steadfast's Underwriting File

Plaintiff seeks Steadfast's underwriting file for the Steadfast policy. I find that the underwriting file is relevant to the interpretation of the Steadfast policy. Steadfast does not argue that the underwriting

4

file is protected by privilege. To the extent that these documents contain proprietary information, Steadfast may produce those documents subject to a protective order. Steadfast must produce the underwriting file.

ACCORDINGLY,

I ORDER that Steadfast has until Monday, March 14, 2022, to produce the relevant documents (including any documents it must produce pursuant to a protective order) and privilege logs as outlined in this order.

IT IS SO ORDERED.

DATED this 11th day of February 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE