UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff(s),<br><br>v.<br><br>STEADFAST INSURANCE COMPANY, et al.,<br><br>Defendant(s). | Case No. 2:20-CV-1382 JCM (VCF)<br><br>ORDER |

Presently before the court is cross-defendant RHP Mechanical Systems (RHP)'s motion to dismiss cross-claimant Steadfast Insurance Company ("Steadfast")'s cross-claim. (ECF No. 101). Steadfast filed a response (ECF No. 102), to which RHP replied (ECF No. 103).

Also before the court is Steadfast's motion to strike portions of RHP's reply. (ECF No. 108). RHP did not respond, and the time to do so has now passed.

**I.      Background**

The instant motion arises from an insurance dispute. Non-party United Construction was the builder on three separate projects: the Milan project, the Military Road project, and the Virginia Street project. RHP was United's subcontractor on each project. Steadfast was one of United's insurers.

In 2016, Steadfast issued a contractor's protective professional indemnity and liability insurance policy to United effective on April 20, 2016, and expiring on April 20, 2017. (ECF No. 37 ¶ 11.).

In July of 2016, United completed a design-build project for a commercial property in Reno, Nevada—the Military Road project. (*Id.* ¶¶ 42–44). However, on April 14, 2017, the

**James C. Mahan**
**U.S. District Judge**

property owners discovered evidence of mold and moisture damage in the property's roofing system and sued United for those damages. (*Id.* ¶¶ 42–48). These damages resulted from the design of the roof and the installation of the HVAC system, which RHP was contracted to design and install. (*Id.* ¶¶ 46–47). A nearly identical problem had been discovered at Virginia Street, a previous United/RHP project. (*Id.* ¶¶ 33–36). Similar, although not identical, mold and moisture problems stemming from HVAC issues had also been discovered at the Milan property. (*Id.* ¶¶ 19–21).

On April 18, 2017, United "asked its insurance broker, L/P Insurance Services, LLC ("L/P"), to 'advise the appropriate [insurance] carriers' " of the damages caused by the roofing system design used at Military Road and Virginia Street. (*Id.* ¶ 49). United's insurance policy with Steadfast expired two days later, and the policy's extended reporting period for insurance claims expired on June 20, 2017. (*Id.* ¶¶ 50, 52).

On July 11, 2017, United contacted Steadfast to obtain a status update on its insurance claim. (*Id.* ¶ 53). However, Steadfast informed United that it did not have any claim number associated with that claim in its system. (*Id.* ¶ 54). Three weeks later, Steadfast issued a letter to United denying coverage for its insurance claim because Steadfast "did not timely receive notice" of the claim within the covered period or extended reporting period. (*Id.* ¶¶ 56, 57).

After Steadfast denied coverage, United sued L/P for damages related to its denied insurance claim, alleging that it would have been covered but for L/P's failure to tender the claim when United asked it to. (*Id.* ¶¶ 86–87). To end that lawsuit, Capitol Specialty Insurance Corporation—as L/P's professional-liability insurer—settled all of United's claims against L/P related to the untimely tendered insurance claim. (*Id.* ¶ 88).

Pursuant to that settlement agreement, United assigned Capitol all of its potential claims against Steadfast relating to the insurance claim. (*Id.* ¶ 89). Based on that assignment, Capitol initiated this action, asserting claims against Steadfast and RHP. (ECF No. 37). In response, Steadfast brought a single cross-claim for equitable subrogation against RHP. (ECF No. 98). RHP now moves to dismiss that cross-claim. (ECF No. 101).

. . .

James C. Mahan
U.S. District Judge

- 2 -

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the pleading was made."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.   Discussion**

A.  Motions to Strike

As an initial matter, the court GRANTS Steadfast's motion to strike.  (ECF No. 108).  RHP did not respond to this motion.  Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."  RHP therefore consents to its granting.

In its reply, RHP presents, for the first time, the theory that Steadfast's cross-claim should be dismissed because it is a "design professional" and failed to comply with certain procedural requirements.  (ECF No. 103 at 6–7).  Where a reply brief presents new material and deprives the opposing party of a chance to respond, a court may appropriately strike that material.  *See Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993).

Here, RHP had never raised this argument, and Steadfast was never given an opportunity to respond.  Given that, and given RHP's consent to granting of the motion, the court finds it appropriate to strike the requested portions of the reply brief.  The court GRANTS Steadfast's

James C. Mahan
U.S. District Judge

- 4 -

motion to strike and strikes all material appearing in RHP's reply brief (ECF No. 103) from page 6, line 23 through page 7, line 25.  The court will not consider that argument when it adjudicates the motion to dismiss.

B.  Motion to Dismiss

Disregarding the stricken material, RHP presents what the court construes as two arguments for dismissal: (1) the asserted cross claim is barred by the statute of limitations, and (2) what the court believes is an argument under Federal Rule of Civil Procedure 13(g) that the cross claim is unrelated to the original claim.

RHP's argument as to Rule 13(g) is unclear.  It repeatedly asserts that Capitol's original claim in this case deals only with the Military Road property, and it contends, without citation to Rule 13(g) or any other authority, that the cross-claim is unrelated and must be dismissed.  The second amended complaint belies that assertion.  Each of Capitol's claims against RHP are brought as to the Virginia Street and Military Road properties, and seek damages allegedly caused by RHP as to both properties.  *See* (ECF No. 37 at 18–20).

Under Ninth Circuit precedent, the "logical relationship test" determines whether two claims are sufficiently related under Rule 13 by analyzing "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit."  *Kuhn v. Account Control Tech., Inc.*, 865 F.Supp. 1443, 1446 (D. Nev. 1994) (citing *Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1249 (9th Cir. 1987).

Applying that analysis, the court finds these claims to be logically related.  Steadfast's cross-claim for equitable subrogation arises under the same set of underlying facts as the prime claims—the insurance claims related to mold and moisture damage under what Capitol calls the "Zurich" policy issued by Steadfast.  Whether that policy requires RHP, as the party who allegedly caused the damage through its designs at Virginia Street and Military Road, to reimburse Steadfast for its payments to the insured, is a pendant issue in this litigation that the court considers related enough to satisfy Rule 13.

James C. Mahan
U.S. District Judge

As to RHP's statute of limitations argument, it, once again, provides no authority for this proposition. It baldly asserts that "Nevada has a 2-year statute of limitations on subrogation claims." (ECF No. 101 at 7). That sentence is the only substantive reference to a statute of limitations issue in the motion, and how or why RHP believes a two-year limit applies is left wholly ambiguous.

This court is not required to address arguments that are not cogently stated nor supported with relevant authority. *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1288 n.38 (Nev. 2006). Nor is it required to address arguments raised for the first time in a reply brief.[1] *See Sophanthavong v. Palmateer*, 378 F.3d 859 (9th Cir. 2004). "A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments." *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013).

Given that, the court will not consider this argument. The court will not address an argument that a certain statute of limitations applies if the moving party fails to even provide the citation for the relevant statute—or, indeed, any statute at all—in its moving papers.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that RHP's motion to dismiss (ECF No. 101) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Steadfast's motion to strike (ECF No. 108) be, and the same hereby is, GRANTED.

. . .

. . .

. . .

---

[1] In its reply brief, RHP seems to have abandoned this purported two-year statute of limitations in favor of an argument that NRS 11.190(3)(c)'s three-year limit applies. It is unclear what statute plaintiff thinks is appropriate, and this court declines RHP's implicit invitation to choose from the menu of options it thinks might be relevant.

James C. Mahan
U.S. District Judge

- 6 -

IT IS FURTHER ORDERED that the material appearing in RHP's reply brief (ECF No. 103) from page 6, line 23 through page 7, line 25 be, and the same hereby is, STRICKEN.

DATED December 21, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**